UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SLADKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV762  CDP |
| | ) | |
| PROGRESSIVE CLASSIC | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Following a jury trial, judgment was entered in favor of plaintiff David Sladky

in the amount of $34,000, plus taxable costs.  He has now filed a motion to alter

judgment or in the alternative for a new trial.  He asks that the court set aside the

jury's comparative fault verdict, which found him 33% at fault.  Sladky argues that

the evidence was insufficient to submit the issue of his negligence to the jury.  He

also challenges certain evidentiary rulings.  I will deny the motions, as the jury

verdict was supported by the evidence and there was no evidentiary or instructional

error.

## Background

David Sladky had been riding his bicycle when he was struck by a car driven

by Michael Hopkins.  Sladky had been riding on the sidewalk; Hopkins had been

driving on the street in the opposite direction, so they were approaching one another.  When Sladky reached an intersection, he rode from the sidewalk into the pedestrian crosswalk area of the street just as Hopkins turned left, and Hopkins hit him.

The case was submitted to the jury on plaintiff's theory that Hopkins was negligent by failing to yield the right of way, or by failing to keep a careful lookout, or by driving at an excessive speed.  It was also submitted on defendant's claim of comparative fault, based on the theory that Sladky was negligent by failing to keep a careful lookout, or by failing to stop, swerve, or slacken speed when he knew or should have known that there was a reasonable likelihood of collision, or by riding his bicycle at an excessive rate of speed.  The jury found that Hopkins was 67% at fault and Sladky was 33% at fault, and assessed Sladky's damages at $200,000.

Hopkins' insurance company had previously paid Sladky its policy limits of $100,000.  Sladky thus brought this suit against his own insurance company, defendant Progressive Classic Insurance Company, seeking recovery under the underinsured motorist coverage of that policy.  I did not allow plaintiff to present evidence or otherwise tell the jury that Hopkins' insurance company had already paid the policy limits of Hopkins' policy, because to do so would have improperly suggested to the jury that Hopkins had admitted fault or that someone had already

determined that Hopkins was at fault. Instead, I simply submitted the case to the jury as a normal negligence case, instructing the jury to assess percentages of fault and total damages. After the jury found that Sladky's damages were $200,000, I calculated Hopkins' liability to be $134,000 (67% of $200,000) as required by Missouri law. I then deducted the amount of Hopkins' insurance payment of $100,000, and directed the Clerk to enter judgment in Sladky's favor in the amount of $34,000.

### Discussion

Sladky seeks to alter or amend the judgment pursuant to Rule 59(e), and in the alternative seeks a new trial under Rule 59(a). He argues that the issue of his comparative fault should not have been submitted to the jury because it was not supported by the evidence. He also argues that two of my evidentiary rulings were in error.

Under Missouri law there must be substantial evidence to support each act of alleged negligence. Hill v. Barton, 579 S.W.2d 121, 127 (Mo. Ct. App. 1979). Thus, each submission of Sladky's comparative fault must be supported by substantial evidence.

The defendant submitted substantial evidence from which the jury could have found Sladky to be partly at fault for his injuries. Hopkins testified that he made a

full stop to wait for oncoming traffic to pass before he began his left turn.  He

testified that he did not see Sladky riding on the sidewalk or entering the

intersection until the point of collision.  Both Sladky and an eye witness gave

estimates of speed of both the car and the bicycle.  The jury thus had contradictory

testimony about speed.  There was also conflicting evidence regarding whether

another vehicle was stopped on the side of the road in a way that would have

blocked Hopkins' view of the sidewalk.  The jury was shown photographs of the

area, including a photo that showed the perspective of the eye witness, and which

demonstrated that it would be difficult for the eye witness to have seen everything

he claimed to have seen.  From the evidence presented it was entirely reasonable for

the jury to find that Sladky was not keeping a careful lookout, or that he failed to

take evasive action when he knew or should have known the accident was about to

occur.  Sladky testified that he never slowed down or stopped as he rode his bicycle

into the intersection.  The jury could reasonably have concluded that Sladky was

riding his bicycle so fast as he approached the intersection that Hopkins was not

likely to see him ahead of time, or that he was riding too fast as he went into the

intersection.  Common sense tells us that a bicycle approaching on the sidewalk is

not as visible to a driver as a car approaching on the street.  The jury was not bound

to accept entirely any witness's testimony, but could decide, from all the evidence

and the reasonable inferences to be drawn from that evidence, what happened. Sufficient evidence was provided for submission of comparative fault under Missouri law.

Plaintiff argues that my exclusion of evidence relating to the payment by Hopkins' insurance company was error, and requires a new trial. Although this is technically a contract case, there were no contract issues for the jury to decide. Plaintiff was not able at trial, and still has not been able to articulate any logical reason why this evidence is probative or relevant to the only jury issues, which were negligence and damages. Allowing this evidence would be extremely prejudicial, because a jury would likely infer that the payment was an admission by Hopkins both that he was negligent and that Sladky's damages exceeded the policy limits. This is precisely why we do not tell jurors about settlements or about insurance coverage. The jury's decision about negligence and damages should be based on the evidence of what happened, rather than on evidence about what business decisions an insurance company chose to make.

Finally, Sladky urges that I erred in refusing to allow him to claim as damages the amounts he was charged for medical treatment, without presenting evidence that the amounts charged were reasonable. Under Missouri law a plaintiff who seeks recovery for medical expenses has the burden of producing substantial evidence that

the charges are both reasonable and necessary.  See e.g., Wise v. Towse, 366

S.W.2d 506, 508 (Mo. Ct. App. 1963).  For many years Missouri courts have

allowed plaintiffs to prove the reasonableness of their medical bills either by having

an expert witness testify to their reasonableness, or by presenting testimony that the

bills had been paid.  Id.; Wright v. Fox-Stanley Photo Products, Inc., 639 S.W.2d

407, 410 (Mo. Ct. App. 1982).  The plaintiff's testimony of payment is considered

sufficient evidence from which the jury can draw an inference that the charges were

reasonable, because "It is presumed that if the charges were not reasonable

[plaintiff] would not have paid them."  Williams v. Jacobs, 972 S.W.2d 334, 342

(Mo. Ct. App. 1998)(citations omitted).

Plaintiff here wanted to submit as damages his medical bills, but he admitted

that the amounts charged had not actually been paid.  Instead, his medical insurance

had paid amounts lower than the charges.  Plaintiff argued that he should

nevertheless be allowed to testify that the charges had been paid – which would

have been false – and then to have this testimony be sufficient to establish the

reasonableness of the charges.  I only allowed him to claim damages for the

amounts that were actually paid.  He argues that when an insurance company pays a

lower amount than the doctor billed, that is simply a reflection of a negotiation

between an insurance company and a medical provider.  While that may be true, it is

just as likely that the reduction in payment reflects the insurance company's

determination that the charges made were higher than what is reasonable and

customary in the area. If paying the amount charged raises an inference that the

charges are reasonable, as Williams v. Jacobs and many other Missouri cases say,

then payment of an amount less than charged might be considered to raise an

inference that the charges are unreasonable.

Plaintiff relies on two cases that say evidence of amounts charged is

sufficient. In the first case, Ramsey v. Williams, 625 S.W.2d 196 (Mo. Ct. App.

1981) the court found that plaintiff's testimony that the charges were paid "by me or

my insurance company" was sufficient. Although the court went on to say "[i]t

sufficed that the plaintiff showed the amount 'charged or paid,'" there is no

indication in the case that the amount paid was less than what was charged. Id. at

197 (quoting Girratono v. Kansas City Public Service Co., 251 S.W.2d 59 (Mo.

1952). Indeed, it appears that this simply reflected the usual scenario, where the

inference was allowed that the amount paid was reasonable. The second case,

Brown v. Van Noy, 879 S.W.2d 667 (Mo. Ct. App. 1994), cited Ramsey for the

proposition that a plaintiff need only show the amounts charged. Brown does

support plaintiff's argument here. In Brown the plaintiff's bills were "taken care of"

by Medicare, which paid some amount and required the hospital to write off the

rest.  The court rejected the defendant's argument that this was insufficient to show reasonableness of the higher amount billed, stating: "In the absence of evidence challenging the reasonableness of the ordinary medical expenses actually charged or paid, the fact that the expenses were 'taken care of' by Medicare is not materially different than expenses paid by insurance or paid in part by insurance with part 'written off' pursuant to a contract or agreement between the medical provider and the insurance company."   Id. at 676.

As a federal court applying Missouri law, my duty is "to ascertain and apply the law of the state, that is, to determine what the highest state court would declare state law to be if the case were before it."  Guillard v. Niagara Machine and Tool Works, 488 F.2d 20, 24 (8th Cir. 1973).  While the decisions of lower state courts should be attributed some weight, they are not controlling if other persuasive data indicates that the highest court of the state would decide otherwise.  Comm'r of Internal Revenue v. Bosch's Estate, 387 U.S. 456, 465 (1967)(citations omitted).

Although Brown supports plaintiff's position here, the Court appears to have based its decision on something other than the kind of evidence we have here.  It referred to "ordinary" charges and to a "contract or agreement" between Medicare and the providers.  In this case there is no evidence that Sladky's medical charges were the "ordinary" charges made by the providers, nor is there any evidence of an

"agreement" between his insurance company and the providers.        I do not

believe that the Missouri Supreme Court would agree to this radical change in the

law.  Brown is one decision by one division of the Missouri Court of Appeals, and it

contradicts many years of Missouri decisional law.  It also is simply not logical.  If

Brown were followed to its logical conclusion, then all medical charges would be

presumptively reasonable, and the only evidence that a plaintiff would need to

present would be that a provider "charged" certain amounts.  It appears that Brown

would then shift the burden to the defendant to show that the charges were not

reasonable.  As I ruled at trial, and as I continue to believe, one Missouri Court of

Appeals decision does not overrule years of existing precedent, and I do not believe

the Missouri Supreme Court would agree that plaintiffs no longer need to prove that

their medical expenses are reasonable.        For all the above reasons, I will deny

plaintiff's post-trial motion.

    Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend or for

new trial [#53] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2006.